Vincent M. Spohn, Esq. (SBN 092334)
*vms@vspohnlaw.com*
Law Offices of Vincent Martin Spohn, A.P.C.
P.O. Box 5748
Napa, California 94581-0748
Telephone:   (707) 255-1885
Facsimile:    (707) 255-0974

Attorney for Plaintiffs
RANDY STEVENS and ELISSA STEVENS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY STEVENS and ELISSA STEVENS,<br><br>            Plaintiffs,<br><br>v.<br><br>JIFFY LUBE INTERNATIONAL, INC. A CORPORATION, and DOES 1 through 50, inclusive,<br><br>            Defendant. | Case No. 3:15-cv-1511<br><br>**STIPULATION AND ORDER TO DISMISS ACTION AND COMPEL ARBITRATION ON MODIFIED TERMS**<br><br>Date:      September 3, 2015<br>Time:     2:00 p.m.<br>Judge:    Honorable Haywood S. Gilliam, Jr.<br>Dept.:     Courtroom 15, 18th Floor |

Plaintiffs RANDY STEVENS and ELISSA STEVENS, through their counsel Vincent M. Spohn, Esq., and Defendant JIFFY LUBE INTERNATIONAL, INC., through its counsel Marc A. Koonin, Esq., (collectively referred to herein as the "Parties") hereby submit this Stipulation and [Proposed] Order to Dismiss Action and Compel Arbitration on Modified Terms.

## STIPULATION

WHEREAS, on or about January 8, 1997, Plaintiffs Randy and Elissa Stevens ("Plaintiffs") entered into a Franchise Agreement with Defendant Jiffy Lube International, Inc. ("Jiffy Lube" or "Defendant") regarding a Jiffy Lube franchise in Napa, California (the "Napa Franchise") which

contained an arbitration provision (the "Arbitration Agreement") concerning disputes regarding the terms and conditions of the Franchise Agreement or the relationship of the Parties.

WHEREAS, Defendant Jiffy Lube terminated the Franchise Agreement for the Napa Franchise on or about June 25, 2013.

WHEREAS, Plaintiffs were dissatisfied with some of the terms of the Arbitration Agreement and filed the current action in Napa County Superior Court on February 25, 2015 and served Jiffy Lube with the Complaint on March 4, 2015.

WHEREAS, on April 2, 2015, Jiffy Lube removed this action to the U.S. District Court for the Northern District of California on the basis of diversity jurisdiction.

WHEREAS, on April 9, 2015 Defendant filed a Motion to Compel Arbitration and Dismiss Complaint for Failure to State a Claim or, Alternatively, to Stay Action Pending Arbitration ("Motion to Compel Arbitration")

WHEREAS, the Motion to Compel Arbitration hearing was originally calendared for August 20, 2015.

WHEREAS, the Parties filed a Stipulation to Continue to Hearing Regarding Defendant's Motion to Compel Arbitration and Dismiss Complaint or, Alternatively, to Stay Action Pending Arbitration on August 19, 2015.

WHEREAS, on August 20, 2015, the Court issued an Order granting the Stipulation and setting the hearing for the Motion to Compel Arbitration on September 3, 2015.

WHEREAS, the hearing on the Motion to Compel Arbitration is currently scheduled to be heard on September 3, 2015, at 2:00 p.m.;

WHEREAS, the Parties have negotiated to resolve their differences regarding the terms of the Arbitration Agreement and are willing to proceed with arbitration under the terms of the Arbitration Agreement as modified below.

NOW, THEREFORE, PLAINTIFFS AND DEFENDANT, BY AND THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, HEREBY STIPULATE AS FOLLOWS:

1. The Parties request that the Court dismiss the First Cause of Action, for deceptive business practices under the Consumer Legal Remedies Act (Cal. Civ. Code § 1750, et

seq.) and the Third Cause of Action for relief under the Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.) with prejudice.

2. The Parties request that the Court grant the Defendant's Motion to Dismiss, dismissing the remaining portions of this Action in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6), with each party to bear his, her, or its own costs and fees.

3. The Parties further request that this Court order the Plaintiffs to pursue their claims in this matter in arbitration before the American Arbitration Association consistent with the terms of the Franchise Agreement as modified by the Court's Order and/or by any further written stipulations of the Parties.  Any such arbitration will be held in San Francisco, California, and, except to the extent that the Federal Arbitration Act controls issues of arbitrability and related enforcement, the arbitration will proceed applying the substantive law of California except to the extent that any federal issues must be construed under federal law (or the applicable rules adopted by the Parties, including the arbitration rules of the American Arbitration Association ("AAA), provide otherwise).  However, the terms of the Arbitration Agreement are modified as follows:

   a. So long as Plaintiffs re-submit their claims to arbitration and do not pursue any of the dismissed claims and/or any equitable relief, within one month of the dismissal of this Action, Jiffy Lube will waive the contractual statute of limitations with regard to the remaining claims in the **current complaint**.  In doing so, Defendant is allowing the remaining claims in arbitration to relate back to the date of the Complaint, but is not waiving any other rights regarding limitations;

   b. Arbitration shall proceed before one arbitrator only rather than a panel of three arbitrators, with the arbitrator to be selected consistent with the applicable rules and practices of the AAA;

   c. Defendant shall pay the hourly rate for the arbitrator for all fees associated with the arbitration and the arbitrator shall not award the costs of any arbitration fees to the prevailing party.  The Parties shall each be responsible for the payment of

81636060v1
3
STIP. AND [PROP.] ORDER TO DISMISS ACTION AND COMPEL ARBITRATION ON MODIFIED TERMS
Case No. 3:15-cv-1511

their own attorney fees related to the arbitration and the arbitrator shall not award any attorney fees to the prevailing party. Plaintiffs shall pay the initial administrative filing fee to the AAA, based on alleged damages of $800,000, for the arbitration, subject to reimbursement by the Defendant. Defendant shall provide reimbursement to Plaintiffs' counsel upon submission of an invoice proving payment of the fees to Defendant's counsel, with reimbursement to be made within 30 days of receipt of the invoice. Defendant shall also pay for any related final arbitration administrative fee.

d. Plaintiffs shall not seek any equitable relief in arbitration;

e. Plaintiffs can pursue statutory claims for punitive damages only, but not any punitive damages based on common law causes of action; and

f. The Parties agree that the arbitration shall be conducted without delay absent an agreement of the Parties or a showing of good cause to be determined by the arbitrator.

4. Although Plaintiffs are prohibited from pursuing their dismissed claims against Jiffy Lube in a judicial forum by this Order, this Order is not intended to and does not prevent Plaintiffs or Defendant from appearing before this or any other court of competent jurisdiction to confirm, correct, modify, or vacate any resulting arbitral award or decision, or to enter or enforce a judgment based upon any resulting arbitral award or decision, or to further compel arbitration.

**IT IS SO STIPULATED BY AND THROUGH COUNSEL OF RECORD:**

Dated: September 2, 2015        LAW OFFICES OF VINCENT M. SPOHN, A.P.C.

                                By */s/ Vincent M. Spohn*
                                    VINCENT M. SPOHN, ESQ.
                                    Attorney for Plaintiffs
                                    RANDY STEVENS and ELISSA STEVENS

Dated: September 2, 2015         SEDGWICK L.L.P.


By */s/ Marc A. Koonin*
MARC A. KOONIN, ESQ.
Attorneys for Defendant
JIFFY LUBE INTERNATIONAL, INC.
A CORPORATION


### CERTIFICATE OF CONCURRENCE

I, Vincent M Spohn, hereby declare:

Pursuant to Local Rule No. 5-1(i)(3) concurrence in the filing of the document has been obtained from Marc A. Koonin to show his signature as */s/* on this pleading in lieu of his physical signature on the document.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed at San Rafael, California on September 2, 2015.

*/s/ Vincent M. Spohn*
Vincent M. Spohn


### ORDER

The Court, having considered the Parties' stipulation, hereby grants the Parties' requests and orders the following:

1. The First Cause of Action, for deceptive business practices under the Consumer Legal Remedies Act (Cal. Civ. Code § 1750, et seq.) and the Third Cause of Action for relief under the Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.) are hereby DISMISSED WITH PREJUDICE.

2. This Action (including all remaining portions of this Action) is DISMISSED IN ITS ENTIRETY pursuant to Federal Rule of Civil Procedure 12(b)(6), with each party to bear his, her, or its own costs and fees.

3. Plaintiffs shall pursue their claims in this matter, if at all, in arbitration before the American Arbitration Association consistent with the terms of the Franchise Agreement as modified by this Order and/or by any further written stipulations of the Parties. Any such arbitration will be held in San Francisco, California, and, except to the extent that the Federal Arbitration Act controls issues of arbitrability and related enforcement, the arbitration will proceed applying the substantive law of California except to the extent that any federal issues must be construed under federal law (or the applicable rules adopted by the Parties, including the arbitration rules of the AAA, provide otherwise). However, the terms of the Arbitration Agreement are modified as follows:

    a. So long as Plaintiffs re-submit their claims to arbitration and do not pursue any of the dismissed claims and/or any equitable relief, within one month of the dismissal of this Action, Jiffy Lube will waive the contractual statute of limitations with regard to the remaining claims in the **current complaint**. In doing so, Defendant is allowing the remaining claims in arbitration to relate back to the date of the Complaint, but is not waiving any other rights regarding limitations;

    b. Arbitration shall proceed before one arbitrator only rather than a panel of three arbitrators, with the arbitrator to be selected consistent with the applicable rules and practices of the AAA;

    c. Defendant shall pay the hourly rate for the arbitrator for all fees associated with the arbitration and the arbitrator shall not award the costs of any arbitration fees to the prevailing party. The Parties shall each be responsible for the payment of their own attorney fees related to the arbitration and the arbitrator shall not award any attorney fees to the prevailing party. Plaintiffs shall pay the initial administrative filing fee to the AAA, based on alleged damages of $800,000, for the arbitration, subject to reimbursement by the Defendant. Defendant shall provide reimbursement to Plaintiffs' counsel upon submission of an invoice proving payment of the fees to Defendant's counsel, with reimbursement to be

made within 30 days of receipt of the invoice.  Defendant shall also pay for any related final arbitration administrative fee.;

    d.    Plaintiffs shall not seek any equitable relief in arbitration;

    e.    Plaintiffs can pursue statutory claims for punitive damages only, but not any punitive damages based on common law causes of action; and

    f.    The Parties shall conduct the arbitration without delay absent an agreement of the Parties or a showing of good cause to be determined by the arbitrator.

4. Although Plaintiffs are prohibited from pursuing their dismissed claims against Jiffy Lube in a judicial forum by this Order, this Order is not intended to and does not prevent Plaintiffs or Defendant from appearing before this or any other court of competent jurisdiction to confirm, correct, modify, or vacate any resulting arbitral award or decision, or to enter or enforce a judgment based upon any resulting arbitral award or decision, or to further compel arbitration.

**IT IS SO ORDERED.**

Dated: September 3, 2015

_____
HONORABLE HAYWOOD S. GILLIAM, JR.
United States District Court Judge